1

2 **WO**

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

9 Walter Reed Craft, Jr.,                        )        No. CV 05-2309-PHX-DGC (LOA)
                                                )
10            Plaintiff,                         )        **ORDER**
                                                )
11 vs.                                          )
                                                )
12 Maricopa County Sheriff's Office, et al.,    )
                                                )
13            Defendants.                        )
   _____        )

14

15        This is a civil rights action filed by a state prisoner who was formerly confined in the

16 Lower Buckeye Jail in Phoenix, Arizona.  Plaintiff has filed a First Amended Complaint.

17 The Court will allow Plaintiff **30 days** to cure a deficiency regarding the identity of the

18 Defendants in his First Amended Complaint.

   **A.      Procedural History.**

19        In his original Complaint, Plaintiff alleged that he was not promptly provided with

20 medication for a knee infection, and he was improperly assigned to a top bunk on a top level

21 tier.  He was injured in a fall on the stairs.  After the Court applied screening standards, the

22 Court dismissed the original Complaint with leave to amend.  The deficiencies in the original

23 Complaint were that (1) the Maricopa Sheriff's Office was not a proper Defendant; and (2)

24 there were no allegations to show that Defendant Maricopa County Sheriff Joseph Arpaio

25 was personally involved or that he was acting pursuant to a policy or custom.  Plaintiff was

26 required to file an amended complaint within thirty days, and he complied.

27

28

**JDDL-K**

**B.      First Amended Complaint.**

In his First Amended Complaint, Plaintiff sues an unidentified "Maricopa County Jail Pharmacist" and an unidentified "Cell Assignment Officer." Plaintiff alleges in Count I that the Pharmacist failed to provide him with antibiotics for two days and failed to provide a shot until "after that." (Compl. at 2.) Plaintiff asserts that this was "a clear case of negligence or deliberate indifference" that caused his condition to worsen. Id.   In Count II, Plaintiff alleges that the Cell Assignment Officer assigned him to a top bunk on a tope tier "with no regards to my medical condition and my medical slip." (Compl. at 5.) Plaintiff was injured when he fell on the stairway.

Although these allegations adequately state a claim, the Court cannot presently order service of the action. Neither of the Defendants have been identified by their names and their titles are not sufficient because more than one person may have a similar title. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff alleges in his Complaint that he will name the persons after completion of discovery. He has not indicated, however, the reasons why he has been unable to obtain the names of the persons. Given that his claim involves medical records and a medical detail for a bunk assignment, it is unclear why Plaintiff has not been able to obtain the documentation to learn the names of the cell assignment officer and the pharmacist.

1    Moreover, assuming that Plaintiff is unable to learn the names using his own

2 endeavors, Plaintiff has not indicated from whom he could obtain discovery to learn the

3 names of the persons.  Consequently, Plaintiff will be given 30 days to respond to this Order

4 in a written pleading entitled "Response."  Plaintiff's Response must include either (1) the

5 name of at least one of the Defendants, or (2) an explanation of what Plaintiff has done to try

6 to learn the names, a description of discovery he would undertake to learn the names, and the

7 identity of at least one person who could be served with the discovery.  Plaintiff's

8 "Response" must be signed under penalty of perjury.  <u>See</u> 28 U.S.C. § 1746 (the oath

9 requirement may be satisfied when a person declares under penalty of perjury that the

10 submission is true and correct, and signs and dates the statement).

11 **C.      <u>Warning of Possible Dismissal</u>.**

12    Plaintiff is notified that if he fails to timely comply with every provision of this Order,

13 or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the

14 Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th Cir.) (district

15 court may dismiss action for failure to comply with any order of the court), <u>cert</u>. <u>denied</u>, 506

16 U.S. 915 (1992).

17 **IT IS THEREFORE ORDERED THAT:**

18    (1)   Plaintiff will have **30 days** from the date of entry of this Order to file a

19 "Response" that complies with the Court's Order.

20    (2)   The Clerk of Court shall enter a judgment of dismissal of this action with

21 prejudice and without further notice to Plaintiff if he fails to file a "Response."

22    DATED this 15th day of February, 2006.

David G. Campbell
United States District Judge