

JDN

**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Walter Reed Craft, Jr.,

Plaintiff,

vs.

Maricopa County Sheriff's Office, et al.,

Defendants.

No. CV 05-2309-PHX-DGC (JCG)

**ORDER**

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. #18). Plaintiff responded and Defendants replied (Doc. ##20, 21). Plaintiff then filed a sur-response (Doc. #23). The Court will grant Defendants' motion.

## I. Background

In Count I of Plaintiff's Amended Complaint, he alleged that the jail pharmacist withheld prescribed medication and was thereby deliberately indifferent to Plaintiff's medical needs (Doc. #10 at 4). In Count II, Plaintiff alleged that Defendant Frisby, a cell assignment officer, violated Plaintiff's constitutional rights when he assigned Plaintiff to a top tier bunk despite Plaintiff's knee infection, which inhibited his ability to climb up and down, resulting in his injury in a fall (Id. at 5). The Court ordered an answer, and Defendants filed a Motion to Dismiss (Doc. ##15, 18).

In their motion, Defendants contend that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)

(Doc. #18). In support of the motion, Defendants submit the affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit (Ex. 1, Doc. #18). Tademy attests that inmates are notified of the grievance procedure when they receive the "MCSO [Maricopa County Sheriff's Office] Rules and Regulations for Inmates" (Tademy Aff. ¶ 4). According to sheriff's office records, Plaintiff did not file any grievances concerning the denial of medical care or the right to safe housing during his confinement at the jail (Id. ¶ 7). Also attached to the motion was a copy of the jail's internal Inmate Grievance Procedure, Policy DJ-3, and two pages of the "MCSO Rules and Regulations for Inmates" (Exs. A-B, Doc. #18).

The Court issued an order informing Plaintiff of his obligation to respond and the quantum of evidence necessary to successfully rebut Defendants' contentions (Doc. #19). Plaintiff filed a response in which he asserts that the Rules and Regulations do not inform inmates that they may obtain a copy of the DJ-3 Policy through Inmate Legal Services upon request (Doc. #20). In addition, the Rules and Regulations do not inform inmates how to continue the grievance process when they are transferred to another facility (Id. at A1-A2). Plaintiff further argues that, contrary to Tademy's assertions, he submitted three grievances concerning the lack of medical care, but only one received a response. He argues that without responses, and without any guidance on how to proceed with a grievance upon his transfer to a different facility, he exhausted his available remedies (Id. at A3). In support of his response, Plaintiff submitted copies of his grievances, including the complaint which was responded to and that he grieved through to the final step of the External Referee (Tabs 1-4F, Doc. #20).

Defendants' reply contends that the grievances submitted by Plaintiff are not related to the claims in this action (Doc. #21). They also contend that all of the grievances are dated after August 2, 2005, the date of Plaintiff's original Complaint; thus, Plaintiff did not exhaust his administrative remedies prior to filing suit as required under the PLRA (Id. at 4).

Plaintiff filed a "Motion for Leave to File Sur-Reply and Sur-Reply to Defendants' Reply to Plaintiff's Response" seeking to respond to Defendants' newly raised argument that Plaintiff failed to submit his grievances prior to filing his original Complaint (Doc. #23).

Plaintiff did not, however, incorporate any memorandum to support his sur-reply.

**II. Legal Standard**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

Defendants contend that because Plaintiff failed to exhaust all of his counts, the entire action should be dismissed (Doc. #18). The "total exhaustion" rule was rejected by the Ninth Circuit in Lira v. Herrera, 427 F.3d 1164, 1173-75 (9th Cir. 2005), petition for cert. filed, 74 U.S.L.W. 3425 (2006). The validity of the "total exhaustion" rule is presently pending before the Supreme Court in Williams v. Overton, 136 Fed. Appx. 859, 2005 WL 1514102 (6th Cir. 2005) (unpublished), cert. granted, 126 S. Ct. 1463 (March 6, 2006). Until the Supreme Court decides to the contrary, the binding precedent in this circuit is that only unexhausted claims are dismissed, not the entire action. Lira, 427 F.3d at 1175-76.

**III. Analysis**

According to the documents attached to the Motion to Dismiss, there are five steps in the jail grievance process, the final step being an appeal to the External Referee (Ex. A, Doc. #18). In his verified Amended Complaint Plaintiff was asked about his pursuit of the grievance procedures. He alleged that he appealed both of his claims to the highest level

(Doc. #10 at 4-5). Plaintiff proffered evidence that he appealed one grievance through the final step of the grievance process (Tabs 1-4F, Doc. #20). The External Referee described the issue as "[t]his grievance complains that he was injured in a fall [due] to negligence of staff and is being charged a medical [sic] even though he has not received medical treatment" (Tab 4F, Doc. #20). In light of this evidence, it is troubling that Defendants definitively assert in their motion that Plaintiff did not file any grievances related to the denial of proper medical care or safe housing.

Under the PLRA, however, a prisoner must exhaust remedies *before* filing suit. Vaden, 449 F.3d at 1050-51. Plaintiff's External Appeal was completed on December 13, 2005, after he filed this action (Tab 4F, Doc. #20). Because Plaintiff did not exhaust his available administrative remedies prior to the filing of his original Complaint, he failed to comply with the PLRA's exhaustion requirement. The Court will therefore dismiss this action without prejudice. A dismissal without prejudice does not preclude Plaintiff from filing a new action on the same claims. While dismissal may result in the expenditure of additional resources on the part of the parties and the Court, Defendants' motion must be granted. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #18) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 12th day of October, 2006.

David G. Campbell
United States District Judge